UNITED STATES DISTRICT COURT
EASTERN DISTRICTOF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| DEREK L. HAND and | ) | |
| ASHLEY N. HAND | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 1:18-cv-27-JRG-CHS |
| v. | ) | |
| | ) | |
| WHOLESALE AUTO SHOP, LLC. | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

### I. Introduction

Plaintiffs Derek and Ashley Hand move for default judgment in this action asserting a claim under the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. § 32710 [Doc. 40]. This matter is before the undersigned Magistrate Judge having been referred for a report and recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. 41]. For the reason stated herein, it is **RECOMMENDED** that judgment be entered in favor of Plaintiffs in the amount $28,317.97.

### II. Facts

Plaintiffs Derek and Ashley Hand filed this action in the United States District Court for the Northern District of Alabama on October 20, 2015. The case was transferred to this Court for proper venue on January 8, 2018 [Doc. 22, Order of Transfer]. The Clerk of Court entered default against Defendant Wholesale Auto Shop, LLC ("Wholesale Auto") on May 23, 2018 [Doc. 39]. This matter is ripe for review.

Plaintiffs allege the following in their complaint:

- The Hands are residents of Alabama [Doc. 1, Complaint, ¶ 1]. Wholesale Auto is a Tennessee limited liability company and licensed motor vehicle dealer

conducting a used car business in Hamilton County, Tennessee.  Defendant is a "dealer" as defined by 49 U.S.C. §  32702(2) [Id. ¶ 2].

- Defendant advertised a 2010 Jeep Wrangler Sport SUV 2D (Jeep) on www.autotrader.com.  In response to that advertisement, the Hands drove to Chattanooga, Tennessee on April 26, 2014, and purchased the Jeep from Defendant [Id. ¶¶ 8-11].

- At the time of purchase, the Jeep's odometer read 66,692 miles, and representatives of Wholesale Auto confirmed the same [Id. ¶ 12].  Plaintiffs later discovered, after registering the Jeep's title and obtaining a tag with the Alabama Department of Revenue, that the Jeep was originally registered in Ohio and the vehicle title was repossessed in Ohio with an odometer reading of 253,603 miles [Id. ¶ 15].  They also learned the Jeep was purchased at an auction in Ohio in January 2014, where the auto auction also reported a mileage of 253,603 miles [Id. ¶ 16].

- Had Plaintiffs been aware of the actual mileage of the Jeep, they would not have purchased it [Id.  ¶ 18].

- Wholesale Auto altered the Jeep's odometer with the intent to change the mileage on the odometer and to defraud the Plaintiffs by selling them the Jeep at a substantially higher price than the fair market value of the Jeep given its mileage [Id. ¶¶ 21-22].

## II. Discussion

### A. Standard of Review

There are two types of requirements – procedural requirements and substantive requirements – with which a party must comply before a default judgment can be entered in the party's favor.  With respect to procedural requirements, the plaintiff must properly serve the defendant with process.  *Broadcast Music v. Marler*, No. 1:09-cv-193; 2009 WL3785878, at *4 (E.D. Tenn. Nov. 12, 2009) (citing *Virgin Records America, Inc. v. Bagan*, No. 08-cv-4694; 2009 WL 2170153 (D. N.J. Jul.21, 2009)).  "[T]he plaintiff must [also] fulfill the procedural obligations of Fed. R. Civ. P. 55.  Specifically, the plaintiff must first seek entry of default by demonstrating that the opposing party has failed to answer or otherwise respond to the

2

complaint." *Broadcast Music*, 2009 WL3785878, at *4, (citing *Keesh Construction, Inc. v. United States*, No. 1:02–CV–899, 2004 WL 2536840, at *1 n. 1 (S.D. Ohio Sept. 28, 2004)). "Once the clerk has entered a default, the moving party may then seek entry of a default judgment." *Broadcast Music*, 2009 WL3785878, at *4 (citing Fed. R. Civ. P. 55(b).

There are also substantive requirements which must be met before a default judgment can be entered in favor of the movant.

> It is fundamental that not all injuries are legally compensable; a tenet which may not be bypassed simply because a party fails to respond to a complaint. Thus, among the considerations a court is to employ when determining the propriety of entering a judgment by default is whether there exists a sufficient basis in the pleading for the judgment's entry; or similarly, whether a viable cause of action is alleged.

*In re Irby*, 337 B.R. 293, 294 (Bankr. N.D. Ohio 2005) (applying Federal Rule of Bankruptcy Procedure 7055, which incorporates Federal Rule of Civil Procedure 55) (internal citations omitted).[1] Where a complaint fails to state a claim, a motion for default judgment should be denied. *See Bailey v. Harrison*, No. 95-6263, 1997 WL 49955, at *1 (6th Cir. Feb. 6, 1997) ("Default judgments would not have been proper due to the failure to state a claim against these defendants.")[2] When considering whether a complaint states a claim in relation to a default judgment, the court accepts the allegations in the complaint as true. *General Conference Corp. of Seventh-Day Adventists v. McGill*, 617 F.3d 402, 407 (6th Cir. 2010).

---

[1] *See also Certain Underwriters at Lloyd's, London v. Alkabsh*, No. 09-2711, 2011 WL 938407, at * 8 (W.D. Tenn. March 15, 2011) ("The first step when faced with an entry of default and a motion for default judgment is to determine whether the complaint's factual allegations provide a sufficient legal basis for the entry of a default judgment.")

[2] *See also Parks v. Conley*, No. 98-5064, 1999 WL 195740, at *2 (6th Cir. Mar. 23, 1999) (denying motion for default judgment and granting summary judgment in favor of the opposing party); *Starr v. Corley*, 662 F. Supp. 219, 220 (N.D. Ohio 1987) (denying motion for default judgment where complaint failed to state a claim for which relief could be granted).

3

If both the procedural and substantive requirements have been met, then damages are considered. "If the plaintiff's claim is for a sum certain, default judgment will be entered by the clerk, but if damages are uncertain or other relief is sought, the plaintiff must apply to the Court for default judgment." *Broadcast Music*, 2009 WL3785878, at *4 (citing Fed. R. Civ. P. 55(b)). "Proof of damages ordinarily requires an evidentiary hearing in which the defendant may contest the amount, but a hearing is not necessarily required if the moving party submits uncontested sworn affidavits sufficient to establish the amount of damages.") *Broadcast Music*, 2009 WL 3785878, at * 5 (citing *LeFarge N. Am. Inc. v. Wells Group, Inc.*, No. 4:08-cv-95, 2009 WL 2601854, at *4 (E.D. Tenn. Aug. 24, 2009)).[3] If the defendant has entered an appearance, then the defendant must be served with notice at least seven days before the hearing, if one is scheduled. *Broadcast Music*, 2009 WL 3785878 at *4; *Virgin Records*, 2009 WL 2170153, at *1; Fed. R. Civ. P. 55(b)(2).

### B. Analysis

#### 1. Procedural Requirements

Plaintiffs have met the procedural requirements. Defendant was served with a summons and complaint on November 11, 2015 [Doc. 9]. A person by the name of Melissa Williams sent a letter to the United States District Court for the Northern District of Alabama on December 9, 2015, purportedly on behalf of Defendant [Doc. 10]. Because she is not an attorney, the Court determined that Ms. Williams was not authorized to represent the Defendant, a limited liability company, in this action. And, for that reason, her letter could not constitute an answer to the

---

[3] *See also Pennsylvania Higher Educ. Assistance Agency v. Francioni*, No. 1:11-cv-115, 2011 WL 5122680 (E.D. Va. Sept. 8, 2011) (determining damages on the basis of uncontested affidavits.)

complaint [Doc. 12, Order]. *See e.g., In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289 (Bankr. N. D. Ohio 2001) (a limited liability company may not appear in court through a manager who is not an attorney but, rather, must be represented by counsel.) Consequently, Defendant has not appeared in this case and has not responded to the complaint or any motion Plaintiffs have filed in this matter. Default was properly entered on May 21, 2018 [Doc. 39].

### 2. Substantive Requirement

The Motor Vehicle Information and Cost Savings Act (Act), 49 U.S.C. § 32703(2) provides that "[a] person may not . . . (2) disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer." Section 32710 (a) of the Act provides that "[a] person that violates this chapter or a regulation prescribed or order issued under this chapter, with intent to defraud, is liable for 3 times the actual damages or $10,000, whichever is greater." 49 U.S.C. § 32710(a). Section 32710(b) provides the Court "shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person." 49 U.S.C. § 32710(b).

Plaintiffs alleged that Defendant, an auto dealer, intentionally altered the odometer on the 2010 Jeep Wrangler sold to Plaintiffs, and that the Defendant did so for the purpose of defrauding them. Plaintiffs have properly stated a claim under the Act.

### 3. Damages

Because the affidavits and exhibits filed by Plaintiffs in support of their claim for damages are uncontested, the Court finds it unnecessary to hold an evidentiary hearing. Damages are calculated under the Motor Vehicle Information and Cost Savings Act by subtracting, from the Buyer's purchase price, the fair market value of the vehicle as it was actually received by the buyer. *Farmers Co-op Co. v. Senske & Son Transfer Co.*, 572 F.3d 492,

5

498 (8th Cir. 2009) ("Under § 32710(a), 'actual damages' include (1) the purchase price of the vehicle less its FMV [fair market value] given the vehicle's actual mileage, and (2) any expenses shown to be attributable to the defendant's wrongful acts.")[4]

Plaintiffs have submitted evidence that the Kelley Blue Book value of a 2010 Jeep Wrangler in fair condition with 253,603 miles is $6,116.00 [Doc. 36-1, D. Hand Aff., Page ID ## 169, 175]. Believing the vehicle to have lower mileage and a higher fair market price, Plaintiffs paid $13,084.99 for the 2010 Jeep Wrangler. The difference between those two prices ($13,084.99 minus $6,116.00) equals $6,968.99. Thus, $6,968.99 represents the "actual damages" in this case. As indicated, 49 U.S.C. § 32710(a) provides for damages in the amount of "3 times the actual damages or $10,000, whichever is greater." Trebling Plaintiff's actual damages (3 times $6,968.99) yields a product of $20,906.97. Consequently, Plaintiffs are entitled to a recovery of damages in the amount of $20,906.97.

Plaintiff is also entitled to recover expenses. In this case, Plaintiffs have submitted proof of "expenses" in the form of a $400.00 filing fee and reasonable attorney fees. Plaintiffs' counsel has submitted affidavits and invoices supporting the application for reasonable attorney fees. In total, Plaintiffs seek $7,011.00 in attorney fees [Docs. 36-3 and 36-4].

The Court has reviewed these invoices, including the hourly rates charged by Plaintiffs' attorney and paralegal, as well as the number of hours billed. The Court has extensive experience with the practice of law in this locality and concludes that the rates charged are

---

[4] *See also Cantrell v. Thaler Ford Sales, Inc.*, 485 F. Supp. 528, 530 (S.D. Ohio 1980) (same) (examining damages under the Motor Vehicle Information and Cost Savings Act, formerly codified at 15 U.S.C. § 1989)[4] (citing *Duval v. Midwest Auto City, Inc.*, 425 F. Supp. 1381, 1388 (D. Neb. 1977)); *see also*; *Beachy v. Eagle Motors, Inc.*, 637 F. Supp. 1093, 1094-95 (N.D. Ind. 1986) (same).

reasonable in light of the experience of the attorneys and the nature of the work performed. The Court further concludes that the amount of time spent on this case by Plaintiffs' counsel is reasonable given the nature of the case and the issues involved.

### III. Conclusion

For the reasons stated herein, it is hereby **RECOMMENDED** that judgment be entered in favor of Plaintiffs and that they be **AWARDED** damages in the amount of **$28,317.97** [5] The Court further **RECOMMENDS** that post-judgment interest be awarded pursuant to 28 U.S.C. § 1961(a).[6]

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[5] The amount of the total recommended judgment is calculated as follows: $20,906.97 (actual damages X 3) + $400 (filing fee) + $7,011.00 (attorney fees) = $28,317.97.

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified constitutes a waiver of the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).